UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
─────────────────────────────────────────

SAYVION D. BLOUNT,

                            Plaintiff,                   9:21-CV-0147
                                                                       (DNH/CFH)

   v.

RASTANI, CORRECTIONAL
OFFICER BURKE, Mid-State
Correctional Facility, and JOSEPH
BROWN, Medical Staff Member,
Mid-State Correctional Facility,

                            Defendants.
─────────────────────────────────────────

APPEARANCES:

SAYVION D. BLOUNT
20-A-1115
Plaintiff, pro se
Five Points Correctional Facility
P.O. Box 19
Romulus, NY 14541

DAVID N. HURD
United States District Judge

## DECISION and ORDER

### I. INTRODUCTION

     Pro se plaintiff Sayvion D. Blount ("Blount" or "plaintiff") commenced this action on or about February 8, 2021.  See Dkt. No. 1.

     On March 29, 2021, the Court issued a Decision and Order pursuant to 28 U.S.C. § 1915 and 28 U.S.C. § 1915A granting plaintiff's application to proceed in the action in forma pauperis ("IFP") and accepting the complaint for filing in this District only insofar as it asserted (1) Eighth Amendment excessive force and failure to intervene claims against

defendants Rastani and Burke, and (2) an Eighth Amendment deliberate medical indifference claim against defendant Brown.  Dkt. No. 4 ("March Order") at 16.  The March Order also dismissed the remaining claims arising in this District, including those asserted against defendants Fennessy and Lusby.[1]  *Id.* at 9-13, 16.

On April 8, 2021, the Court received a filing from Blount entitled "Objection (in part) to Decision and Order."  Dkt. No. 7.  The Court has construed the filing as a motion for reconsideration of the March Order.

For the reasons set forth below, the motion for reconsideration is denied.

## II. DISCUSSION

### A. Legal Standard Governing Motions for Reconsideration

"A court may justifiably reconsider its previous ruling if:  (1) there is an intervening change in the controlling law; (2) new evidence not previously available comes to light; or (3) it becomes necessary to remedy a clear error of law or to prevent manifest injustice."  *Delaney v. Selsky*, 899  F. Supp. 923, 925 (N.D.N.Y. 1995) (citing *Doe v. New York City Dep't of Soc. Servs.*, 709 F.2d 782, 789 (2d Cir. 1983)).

"The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court."  *Shrader v. CSX Transp., Inc*., 70 F.3d 255, 257 (2d Cir. 1995).  Motions for reconsideration are not a vehicle for "presenting the case under new

---

[1] The Court mistakenly spelled defendant Lusby's last name as "Cosby" in the March Order.  Plaintiff has now informed the Court of the correct spelling.  Dkt. No. 7 at 2.  The Clerk is respectfully directed to modify the docket accordingly.

theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'" *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998).

### B. Analysis

With due regard to Blount's pro se status, his motion provides no basis for the relief requested. Liberally construed, plaintiff contends that his complaint asserted Fourteenth Amendment due process, Eighth Amendment deliberate indifference and failure to protect, and failure to respond to a grievance claims against defendant Fennessy, and that the Court erred by analyzing only the last of those claims in the March Order. Dkt. No. 7 at 1.

However, the only allegations in the complaint concerning defendant Fennessy describe his refusal to respond to one the grievances filed by plaintiff. *See* Dkt. No. 1 at 23-25. In particular, plaintiff alleges that the only grievance that was processed during his confinement in Mid-State Correctional Facility "describ[ed] the assault and excessive force [that he] endured by [defendants] Rastani and . . . Burke and the injuries [he] sustained." *Id.* at 23. The grievance was forwarded to defendant Fennessy. *Id.* In a vague reference to that grievance, the complaint also alleges that defendant Fennessy failed to respond to it and "intentionally refused to attempt to remedy the issues of my complaint and allowed constitutional deprivations against [him] by correctional officers he failed and refuses to supervise." *Id.* at 25 (errors in original).

Upon review, none of these allegations give rise to a cognizable due process, failure to protect, or deliberate indifference claim. In order to prevail on a Section 1983 cause of action against an individual, a plaintiff must show "a tangible connection between the acts of a defendant and the injuries suffered." *Bass v. Jackson*, 790 F.2d 260, 263 (2d Cir. 1986).

This is true even for supervisory officials.  *See Tangreti v. Bachmann*, 983 F.3d 609, 618 (2d Cir. 2020) ("There is no special rule for supervisor liability.").  The grievance to which defendant Fennessy allegedly failed to respond complained about an assault by correctional officers that had already occurred by the time plaintiff filed it.

There are no allegations that defendant Fennessy failed to protect plaintiff from any ongoing or future harm.  *See, e.g., Rahman v. Fisher*, 607 F. Supp. 2d 580, 585 (S.D.N.Y. 2009) ("Receiving post hoc notice does not constitute personal involvement in the unconstitutional activity and cannot be said to have proximately caused the damage suffered by the inmate.  Therefore, a [defendant] may be liable for her failure to remedy a violation only in those circumstances where the violation is ongoing and the defendant has the opportunity to stop the violation after being informed of it.").  Accordingly, because the complaint alleges no facts that give rise to a cognizable constitutional claim against defendant Fennessy, plaintiff's motion for reconsideration of the March Order concerning that defendant is denied.

As for defendant Lusby, plaintiff's motion reiterates the allegations set forth in his complaint regarding the alleged procedural protections that defendant Lusby denied him during a disciplinary hearing.  Dkt. No. 7 at 2.

As discussed in the March Order, to state a cognizable procedural due process claim, the complaint must first allege that the plaintiff was denied a cognizable liberty interest. March Order at 10.  Because plaintiff's disciplinary hearing sanction (60 days in the Special Housing Unit) does not implicate a cognizable liberty interest, the March Order correctly concluded that plaintiff's procedural due process claim asserted against defendant Lusby must be dismissed.  Plaintiff has provided no basis for the Court to reconsider that

4

conclusion. Accordingly, the motion for reconsideration of the March Order regarding plaintiff's claim asserted against defendant Lusby is denied.

## III. CONCLUSION

Therefore, it is

ORDERED that

1. The Clerk of the Court shall modify the docket to reflect the correct spelling of defendant Lusby's last name;

2. Plaintiff's motion for reconsideration of the Court's March Order (Dkt. No. 7) is **DENIED**; and

3. The Clerk shall serve a copy of this Decision and Order on plaintiff.

IT IS SO ORDERED.

_____
United States District Judge

Dated: April 23, 2021
        Utica, New York.