UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

SAYVION D. BLOUNT,

                                    Plaintiff,                9:21-CV-0147
                                                                       (DNH/CFH)
     v.

CORRECTIONAL OFFICER RASTANI, et al.,

                                  Defendants.
_____

APPEARANCES:

SAYVION D. BLOUNT
20-A-1115
Plaintiff, pro se
Fishkill Correctional Facility
P.O. Box 1245
Beacon, NY 12508

DAVID N. HURD
United States District Judge

**DECISION and ORDER**

I. **INTRODUCTION**

     Pro se plaintiff Sayvion D. Blount ("Blount" or "plaintiff") commenced this action on or about February 8, 2021. *See* Dkt. No. 1.

     On March 29, 2021, the Court issued a Decision and Order pursuant to 28 U.S.C. § 1915 ("Section 1915") and 28 U.S.C. § 1915A ("Section 1915A") granting plaintiff's application to proceed in the action in forma pauperis ("IFP") and accepting the complaint for filing in this District only insofar as it asserted (1) Eighth Amendment excessive force and failure to intervene claims against defendants Rastani and Burke, and (2) an Eighth Amendment deliberate medical indifference claim against defendant Brown. Dkt. No. 4

("March Order") at 16.  The March Order also dismissed the remaining claims arising in this District, including those asserted against defendants Fennessy and Lusby.  *Id.* at 9-13, 16.

On or about April 8, 2021, plaintiff filed a motion for reconsideration of the March Order.  Dkt. No. 7.  On April 23, 2021, the Court denied the motion.  Dkt. No. 8 ("April Order").

Currently before the Court is plaintiff's motion to reconsider the April Order, a motion to amend the complaint, and a request for the appointment of pro bono counsel to represent plaintiff in the action.  Dkt. No. 9.  For the reasons set forth below, plaintiff's motions are denied.

## II. DISCUSSION

### A. Motion to Reconsider the April Order

The legal standard governing motions for consideration was set forth in the April Order and will not be restated in this Decision and Order.  April Order at 2-3.

Blount's motion challenges the Court's conclusion that the complaint fails to allege that defendant Lusby's disciplinary determination deprived plaintiff of a constitutionally significant liberty interest.  *See* Dkt. No. 9 at 1-2.  With due regard to plaintiff's pro se status, and having carefully considered plaintiff's arguments (which were already considered by the Court during its initial review of the complaint pursuant to Sections 1915 and 1915A, and again in connection with plaintiff's first motion for reconsideration of the March Order), plaintiff's motion is denied.

The April Order correctly determined that plaintiff's complaint fails to allege that defendant Lusby deprived plaintiff of a liberty interest, which is the first required element of a

2

Fourteenth Amendment procedural due process claim. *See, e.g., Tellier v. Fields*, 280 F.3d 69, 80 (2d Cir. 2000) ("In order to determine with [the plaintiff] has stated a claim for procedural due process violations, we must determine: (1) whether the plaintiff had a protected liberty interest in not being confined [in disciplinary confinement] and, if so, (2) whether the deprivation of that liberty interest occurred without due process of law." (internal quotation marks, alterations, and footnote omitted)).

### B. Motion to Amend the Complaint

Blount requests permission to amend his complaint to assert "another claim [against defendant Brown] of a violation of [plaintiff's] 8th Amendment rights due to medical malpractice and deliberate indifference to [his] medical needs." Dkt. No. 9 at 2. Plaintiff also seeks "to add . . . that [defendant] Brown . . . deliberately falsified state medical documents." *Id.*

The filing of amended and supplemental pleadings is governed by Rule 15 of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 15. Given the early juncture of this action, plaintiff is permitted to amend his pleading as of right under Rule 15(a)(1).[1] Rule 15, however, must be read in conjunction with the Local Rules of Practice for this Court. In relevant part, the Local Rules provides that any request to amend pleadings must include a copy of the proposed amended pleading. N.D.N.Y. L.R. 15.1(a)(4).

Rule 15.1(a)(4) states that "the proposed amended pleading must be a complete pleading, which will supersede the pleading sought to be amended in all respects." *Id*. The

---

[1] More specifically, Rule 15 provides that "[a] party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1).

3

rule further states that "[a] party shall not incorporate any portion of its prior pleading into the proposed amended pleading by reference." *Id*.

One of the purposes of the requirement that a motion to amend include a complete copy of a proposed amended pleading is to ensure that all of the allegations asserted against the defendants are contained in a single document, thereby reducing the likelihood that a party will overlook one or more allegations against him. Moreover, this requirement eliminates the confusing nature of "piecemeal" amended complaints.

Blount's motion to amend does not include a complete proposed amended complaint. *See* Dkt. No. 9 at 2. Plaintiff merely identifies the purportedly "new" claims (i.e., medical malpractice, deliberate medical indifference, and falsifying state documents) he seeks to assert against defendant Brown based on his recent receipt of "the medical injury report." *Id.* Plaintiff's motion, however, does not include any of the allegations or claims related to the other claims that survived initial review in this action, including, for example, any facts or claims related to the other two defendants in the action (Rastani and Burke). Mindful of the Court's obligation to liberally construe a pro se litigant's pleadings, it is seems clear that plaintiff's letter motion is not intended to replace and supersede in its entirety the original complaint in this action.

Based upon the foregoing, plaintiff's motion to amend is denied, without prejudice and with leave to renew. Plaintiff is advised that any renewed motion must be accompanied by a proposed amended complaint that is itself a ***complete pleading*** and that otherwise complies with all of the Federal Rules of Civil Procedure and Local Rules of Practice for this Court (including Local Rule 15.1(a)(4)).

4

### C. <u>Motion for Counsel</u>

Blount also requests the appointment of pro bono counsel to represent him in this action. *See* Dkt. No. 9 at 2.

The statute that governs IFP proceedings provides, in relevant part, that "[t]he court may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1); *see also Hodge v. Police Officers*, 802 F.2d 58, 61-62 (2d Cir. 1986). That section, however, does not require that counsel be appointed for every indigent civil litigant.

Although the United States Constitution assures that indigent litigants have "meaningful access" to the courts, it does not guarantee that all such parties will receive the benefit of *pro bono* representation. *Hodge*, 802 F.2d at 60 (quoting *Bounds v. Smith*, 430 U.S. 817, 823 (1977)). Instead, Section 1915(e) confers broad discretion on the courts to appoint counsel to deserving indigent litigants in appropriate circumstances. *Hodge*, 802 F.2d at 60-62.

There is no bright line test to be applied when a pro se, indigent civil litigant seeks appointment of counsel. *Hendricks v. Coughlin*, 114 F.3d 390, 392-93 (2d Cir. 1997). The factors informing the decision of whether to exercise discretion in favor of appointing counsel were summarized by the Second Circuit in its decision in *Hodge*:

> In deciding whether to appoint counsel . . . , the [Court] should first determine whether the indigent's position seems likely to be of substance. If the claim meets this threshold requirement, the court should then consider the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

5

*Hodge*, 802 F.2d at 61-62. In weighing these factors, each case must be decided on its own merits. *Velasquez v. O'Keefe*, 899 F. Supp. 972, 974 (N.D.N.Y. 1995) (citing *Hodge*, 802 F.2d at 61).

Of these criteria, the Second Circuit has "stressed the importance of the apparent merits of the indigent's claim." *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172 (2d Cir. 1989). While a plaintiff need not demonstrate that he can win his case without the aid of counsel, he does have to show "likely merit." *McDowell v. State of New York*, No. 91-CV-2440, 1991 WL 177271, at *1 (S.D.N.Y. 1991).

This action was only recently commenced, and none of the defendants have yet responded to the allegations contained in plaintiff's complaint. The threshold for surviving review under Sections 1915 and 1915A is minimal, and the Court's finding in the March Order that plaintiff's complaint should be accepted for filing is hardly the product of a thorough analysis of the likely merits of the case.

There is nothing in the record that demonstrates that plaintiff is not able to effectively pursue this action, and the Court is not aware of any special reason why appointment of counsel would be more likely to lead to a just determination of this litigation. Accordingly, plaintiff's request for appointment of counsel is denied without prejudice. Plaintiff is advised that, in the event this action should proceed to trial, the Court will revisit this determination and likely appoint counsel for trial.

### III. CONCLUSION

Therefore, it is

ORDERED that

6

1. Plaintiff's motions for reconsideration, to amend his complaint, and for the appointment of counsel (Dkt. No. 9) are **DENIED**; and

2. The Clerk shall serve a copy of this Decision and Order on plaintiff.

IT IS SO ORDERED.

Dated: May 12, 2021
      Utica, New York.

_____
United States District Judge